## HERBERT JENKINS v. PAUL H. PARKER.

(Filed 8 March, 1922.)

**Instructions—Evidence—Questions for Jury—Trials—Deeds and Conveyances—Descriptions—Title.**

> Where the plaintiff makes out a *prima facie* case of title by his chain of conveyances, and the defendant offers deeds and muniments tending to establish his superior or paramount title to the lands, and there is conflicting evidence as to whether the defendant's deeds cover the *locus in quo,* an instruction to the jury to find the issue for defendant if they believed the evidence is erroneous as invading the province of the jury to decide upon whether the defendant's deeds covered the subject of the litigation.

APPEAL by plaintiff from *Calvert, J.,* at October Term, 1921, of HERTFORD.

Civil action for trespass, involving title to a tract of land. There was a second cause of action set up in the complaint, but this is not now before us for consideration.

At the close of all the evidence, his Honor suggested that he would instruct the jury to answer the issue of title in favor of defendant if they believe the evidence. Upon this intimation, the plaintiff suffered a nonsuit and appealed.

*Alex. Lassiter and Winston & Matthews for plaintiff.*
*E. R. Tyler, W. H. S. Burgwyn, and Stanley Winborne for defendant.*

STACY, J. The property in dispute is a tract of land situate in Hertford County, and known as lot No. 1 in the J. H. Connor division of lands. The plaintiff offered in evidence an unbroken and connected chain of title for the said property, making out a *prima facie* case. The defendant then offered deeds and muniments of title tending to show, as he alleges, a superior right or paramount claim to the same

property. But there is a conflict in the evidence as to whether the defendant's deeds cover the *locus in quo*. This was a matter which the jury alone could settle. The intimation of his Honor was, therefore, erroneous and prejudicial to the plaintiff's cause.

The other questions debated before us are not now presented for decision. The cause should have been submitted to the jury.

Reversed.